IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SHR CAPITAL PARTNERS, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-10716 (JKS) |
| In re:<br><br>GOGO TECH II, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 24-10717 (JKS)<br><br>**Hearing Date: August 18, 2026 at 11:00 a.m. (ET)**<br>**Objection Deadline: August 10, 2026 at 4:00 p.m. (ET)** |

**MOTION OF GEORGE L. MILLER, THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE AUCTION PROCEDURES AND APPROVING THE SALE OF CERTAIN PERSONAL PROPERTY OF THE DEBTORS AT PUBLIC AUCTION FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (II) GRANTING RELATED RELIEF**

George L. Miller, as the chapter 7 trustee (the "**Trustee**"), for the bankruptcy estates (the "**Bankruptcy Estates**") of SHR Capital Partners, LLC and GoGo Tech II, LLC (collectively, the "**Debtors**"), by and through his undersigned counsel, hereby submits this motion ("**Motion**"), for entry of an order substantially in the form attached hereto as **Exhibit A** ("**Proposed Order**") for entry of an order authorizing the auction procedures and approving the sale of certain personal property of the Debtors (the "**Property**") identified in the Asset Disposition & Auction Services Agreement (the "**Agreement**") that is attached hereto as **Exhibit B** at public auction(s) (the "**Sale**") pursuant to 11 U.S.C. §§ 105 and 363(b) and Rule 6004 of the Federal Rules of Bankruptcy Procedure, free and clear of all liens, claims, encumbrances and interests pursuant to Bankruptcy Code section 363(f); authorizing the Trustee to compensate Auction Advisors LLC ("**Auctioneer**") from the proceeds of the Sale according to the terms of their employment

agreement, and (II) granting related relief (the "**Approval Order**"). In support of the Motion the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).   The Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of these cases and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a), 363, 505 and 554 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rules 2002(a)(2), 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**").

## BACKGROUND

4.      On April 5, 2024 (the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**") and are currently pending before the Court as Case No. 24-10716 (the "**SHR Case**") and No. 24-10717 (the "**Gogo Tech Case**" and collectively, the "**Bankruptcy Cases**").

2

5. On or about the Petition Date, George L. Miller was appointed as chapter 7 trustee of the Debtors.

6. On or about July 11, 2024, the Trustee and KeyBank National Association ("**KeyBank**"), the Debtors' Prepetition Secured Creditor, entered into a certain *Settlement Agreement* ("**Settlement Agreement**") providing for the liquidation of the Debtors' Property which are fully encumbered by KeyBank's first-position security interest, funding to administer these Bankruptcy Cases, and potential distribution to creditors [DI 37].  Pursuant to the KeyBank Credit Agreement and Loan Documents, the Debtor's unpaid obligations to KeyBank totals $21,314.372.10.  Pursuant to the Settlement Agreement, *intra alia*, KeyBank is to receive the net proceeds from the liquidation of the Debtor's Property, subject to a carve out of $125,000 for Trustee's fees and costs, and $213,144 for unsecured creditors

7. During the course of the administration, several interested parties, reached out to the Trustee expressing an interest in purchasing various Property of the Debtors.

8. The Trustee reached an agreement with one interested party for the sale of certain Property.

9. Based on the Trustee's business judgment and economics of the case, on April 2, 2026, the Trustee sought court approval of the of the sale of certain Property to that interested party.

10. After the sale was approved by the Bankruptcy Court, one of the interested parties opposed the sale.

11. On or about June 23, 2026, the Court entered an *Order Vacating* the *Order Authorizing the Sale of the Debtors' Right, Title and Interest in Certain Property to 5X Brand*

*Holdings LLC, Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to 11*

*U.S.C. §§ 105 and 363, and Rule 6004 of the Federal Rules of Bankruptcy Procedure* [DI 66].

12.     As a result of the interest in the Debtors' Property, the Trustee and his professionals consulted with Auction Advisors LLC ("**Auctioneer**") to discuss how the Trustee could proceed with a sale that would maximize value for the Debtors' estates.

13.     Contemporaneously with this Motion the Trustee filed an application to retain Auctioneer.

14.     The Trustee believes that the best way to maximize value of the Debtors' Property is to conduct an auction as described more fully herein. That it is essential for the Trustee to consummate a value-maximizing sale of the Property expeditiously. Any further delays will increase expenses that will frustrate the Trustee's attempt to maximize value. Also, continued delay may result in the diminished value of the digital Property and any associated good will of the Debtors.

15.     The Property to be sold includes but is not limited to, the following Property that the Debtors' estates have an interest in: (i) trademarks, brand registry, patents, copyrights, and trade secrets (if any), (ii) Property related to domains and websites, (iii) social media access and content, (iv) product, packaging & compliance, and related Property, and (v) legal, financial and business policies, including but not limited to IP complaints, lawsuits and chargebacks. *See Exhibit B.*

16.     The Property also includes Property associated with the following entities: (i) Refresh Filters LLC (File No. 6312492), (ii) BRI Nutrition LLC (File No. 6146340), (iii) Body Merry LLC (File No. 6045352), (iv) HBSS LLC (File No. 5241125), (v) Refresh Filters IP LLC

(DOS ID 51032980; (vi) Body Merry IP LLC (DOS ID 5103289), and (vii) BRI Nutrition IP LLC (DOS ID 5102888).   *See Exhibit B.*

17.     Given the nature of the Property, which includes various entities' digital assets, websites, domain names, social medial content, marketing, customer lists, customer management systems, tradenames, design marks, copyrights and related goodwill of various entities, the Trustee proposes to conduct an auction for the Property.

18.     The sale of the Property is "As Is", "Where Is", "With all Faults" and is without representation or warranties being expressed or implied with respect to the condition or completeness of the Property and any records associated therewith.

## RELIEF REQUESTED

19.     By this Motion the Trustee seeks entry of an order authorizing the Auction Procedures (as detailed below) and Sale of the Property as set forth in detail on Exhibit B, free and clear of all liens claims and encumbrances.   The Trustee has determined that it is in the best interest of the estate to sell the Property through a public auction conducted by the Auctioneer.

## PROPOSED SALE AND AUCTION PROCEDURES

20.     The Auctioneer and the Trustee is prepared to proceed with the sale of the Debtors' Property.

21.     In connection with the auction, the Auctioneer shall market and advertise the Property for sale through the use of ads, social medial, online marketing, listings, various campaigns, and direct e-solicitations (collectively, "**Marketing Expenses**"), to be paid for by Auctioneer, and the Trustee shall not be required to reimburse the Auctioneer for the Marketing Expenses.

22.     The Auctioneer shall, on an exclusive basis, market and sell the estates' interest in the Property.  The Property may be sold in their entirety, or in any division of property which Auctioneer shall, in its discretion, deem appropriate for maximizing the overall value of the Property.

23.     The Auctioneer's services are limited to those services necessary and sufficient to conduct the Auction or otherwise sell the Property.

24.     The Trustee proposes to sell the Property through Zoom or other third party software platform (the "**Auction**").  Because of the nature of the Auction, there is no stalking horse bidder for the Property.

25.     The Auction and bidding shall be subject to the following terms: (a) on-line registration, (b) a deposit of ten thousand ($10,000) dollar ("Deposit"), submitted to the Trustee seventy-two (72) hours prior to the Auction, unless otherwise agreed to by the Auctioneer and the Trustee, (c) the Deposit will be held by the Trustee pending conclusion of the Auction, at which time deposits will be returned to the unsuccessful bidders; (d) on-line bidding, and (e) the Property is being sold "As Is", "Where Is", "With all Faults" and is without representation or warranties being expressed or implied with respect to the condition or completeness of the Property and any records associated therewith.

26.     The Auctioneer shall schedule the Auction to commence on or about forty-five (45) days from the date the Court enters an order granting the Motion, or such later date as may be determined at the discretion of the Auctioneer with the consent of the Trustee.

27.     The following compensation shall be assessed and/or paid to the Auctioneer by the Trustee:

- a flat minimum fee equal to $25,000 (the "**Minimum Fee**"), plus

- a commission (the "**Commission**") equal to Fifteen Percent (15%) of the bid amount of any sale of the Property, but only to the extent such bid amount is over $75,000.
- The Trustee shall not pay any costs incurred by the Auctioneer in connection with the Auction.

28.     The Auction will be conducted openly, and each bidder will be informed of the terms of the previous bid.  Each bidder is expected to confirm at the Auction that it has not engaged in any collusion with respect to the bidding or the sale.

29.     The Trustee, in conjunction with its professional advisors, will determine in his business judgment at the Auction the highest and best offer for the Property.

30.     Absent irregularities in the conduct of the Auction, or reasonable and material confusion during the bidding, the Court will not consider bids made after the Auction has been closed.

31.     After each Auction is completed, the Trustee will file a Notice of the results of the auction pursuant to Bankruptcy Rule 6004.

## RELIEF REQUESTED

**A.     Auction Procedures are Fair and Designed to Maximize Value of the Property**

32.     The Auction Procedures proposed herein are designed to maximize the value received for the Property by facilitating a competitive bidding process in which all potential bidders are encouraged to participate and submit competing bids and then a robust auction takes place.

33.     The Auction Procedures provide potential bidders with more notice than envisioned by Rule 2002 of the Bankruptcy Rules, which is sufficient notice and an opportunity to acquire the information necessary to submit a timely and informed bid.

34.     At the same time, the Auction Procedures provide the Trustee with the opportunity to consider all competing offers and to select the highest or best offer for the Property.

35.     Accordingly, all parties in interest can be assured that the consideration paid for the Property will be fair, reasonable, and in the best interest of the Debtors' estates and creditors, and there are sound business reasons to approve the Auction Procedures.

**B.      Sale of the Property is Authorized Under Sections 363(b) and 363(f) of the Bankruptcy Code**

36.     At the conclusion of the Auction, the Trustee will file a notice of the results of the Auction that will include the information required under Bankruptcy Rule 6004(f).

37.     The Trustee submits that the sale of the Property pursuant to these Auction Procedures is in the best interest of the Debtors' estates and its creditors.

38.     Section 363(b)(1) of the Bankruptcy Code provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).   Section 105(a) provides in relevant part that "[t]he Court may issue any order.   Process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

39.     The sale of a debtor's property should be authorized pursuant to section 363 of the Bankruptcy Code if a sound business purpose exists for doing so. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996), *citing Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 176 (D. Del. 1991).The Delaware & Hudson Railway court held that once a court is satisfied that there is a sound business reason for

a sale, "the court must also determine that the trustee has provided the interested parties with adequate and reasonable notice, that the sale price is fair and reasonable and that the purchaser is proceeding in good faith." *Id.*

40.     Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, courts have required that such use, sale or lease be based upon a trustee's sound business judgment.

41.     The Trustee has concluded that it is in the best interest of the Chapter 7 estates to sell the Property at Auction pursuant to the Agreement. The estates no longer need the Property, which should be sold expeditiously to avoid any further decline in value. The widely publicized public auctions should increase the chances of a large number of bidders and competitive bidding that will maximize price.   The decision to sell the Property by an open, public auction pursuant to section 363 of the Bankruptcy Code is an exercise of sound business judgment of the Trustee.

42.     The Trustee respectfully submits that it is appropriate to sell the Property free and clear of all liens, claims, interests, and encumbrances, pursuant to section 363(f) of the Bankruptcy Code, with all such interests attaching to the net sale proceeds of the Assets to the extent applicable.

43.     The Trustee requests approval to sell it free and clear of those interests. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
> (1) applicable non bankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in a bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

44.    Section 363(f) of the Bankruptcy Code provides for the sale of property "free and clear of any interests." The term "any interest," as used in section 363(f), is not defined anywhere in the Bankruptcy Code. *Folger Adam Security v. DeMatteis/MacGregor, JV*, 209 F. 3d 252, 259 (3d Cir. 2000). In *Folger Adam*, the Third Circuit observed that while some courts have "narrowly interpreted that phrase to mean only in rem interests in property," the trend in modern cases is towards "a broader interpretation which includes other obligations that may flow from ownership of the property." *Id*. at 258 (*citing* 3 Collier on Bankruptcy 363.06[1]). As determined the by the Fourth Circuit in *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 581-582 (4th Cir. 1996), a case cited approvingly and extensively by the Third Circuit in *Folger Adam*, the scope of 11 U.S.C. § 363(f) is not limited to in rem interests. Thus, the Third Circuit in *Folger Adam* stated that *Leckie* held that the debtors "could sell their assets under §363(f) free and clear of successor liability that otherwise would have arisen under federal statute." *Folger Adam*, 209 F.3d at 258.

45.    Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the sale of the Property free and clear of Liens, Claims, Encumbrances, and Interests. *See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (noting that because section 363(f) is written in the disjunctive, a court may approve a sale free and clear if any one subsection is met); *see also Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991)(same); *In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y 1986)

10

(same).   Furthermore, a trustee or debtor possesses broad authority to sell assets free and clear of liens. *See In re Trans World Airlines, Inc.*, 322 F.3d 283, 289 (3d Cir. 2003).

46.     The Trustee submits that it is appropriate to have the Auctioneer liquidate the Property on a final "as is" basis, free and clear of any and all Liens, Claims, Encumbrances, and Interests in accordance with section 363(f) of the Bankruptcy Code because one or more of the tests of section 363(f) are satisfied with respect to such Sale.   In particular, known lienholders will receive notice and will be given sufficient opportunity to object to the relief requested.   Such lienholders that do not object to a sale should be deemed to have consented. *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("[L]ack of objection (provided of course there is notice) counts as consent.   It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold.") (internal citation omitted); *Hargave v. Twp. Of Pemberton (In re Tabone, Inc.)*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (holding that creditor's failure to object to a sale free and clear of liens, claims, encumbrances satisfies section 363(f)(2)).

47.     The Trustee believes that one or more of the tests under section 363(f) is satisfied with respect to the Sale of the Property pursuant to these Auction Procedures.

48.     Furthermore, the Trustee proposed that any Liens, Claims, Encumbrances, and Interests asserted against the Property be transferred to and attach to the proceeds of such sales in the same order of priority and with the same validity, force and effect that such creditor had priors to the sale, subject to any claims and defenses the Trustee and the Debtors' estates may have with respect thereto. *See Folger Adam*, 209 F.3d at 259

49.     Therefore, the Trustee avers that section 363(f)(2) has been satisfied and the Trustee may arrange to have the Property sold free and clear of all Liens, Claims, Encumbrances, and Interests as proposed by the Sale.

**C.      The Sale Complies with Federal Rule of Bankruptcy Procedure 6004**

50.     Federal Rule of Bankruptcy Procedure 6004(f)(1) provides that all sales not in the ordinary course of business may be by private sale or public auction. <u>See</u> Bankruptcy Rule 6004(f)(1).

51.     Because the proposed sale will take place after the Auction is conducted and completed, the requirements of Bankruptcy Rule 6004 are satisfied.

**FURTHER RELIEF**

52.     Federal Rule of Bankruptcy Procedure 6004(f)(1) provides that all sales not in the ordinary course of business may be by private sale or public auction. <u>See</u> Bankruptcy Rule 6004(f)(1).

53.     The proposed sale is a public auction and satisfies Bankruptcy Rule 6004.

54.     An order authorizing the "use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

55.     The Trustee requests that the Court waive the requirements under Bankruptcy Rule 6004(h), so that the sale of the Property to the buyer may close immediately rather than being subject to the fourteen (14) day waiting period outlined therein.

56.     The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes

are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, COLLIER suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 COLLIER ON BANKRUPTCY, ¶ [6004.11], 6004-18 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). COLLIER further provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to seek a stay, unless the court determines that the need to proceed sooner outweighs the interests of the objecting party. *Id.*

57.     Therefore, the Trustee hereby requests that the Court waive the 14-day stay period under Fed. R. Bankr. P. 6004(h).

58.     The Trustee further proposes that the Notice will be filed and served upon: (a) the Office of the United States Trustee; (b) the Debtors, through their attorneys; (c) counsel to the Debtors known secured creditors; (d) creditors that hold claims for which proofs of claim have been filed; (e) counsel to 5X Brand Holdings, LLC; (f) counsel National Marketing Industries, LLC; (g) all known creditors and interested parties; and (h) all parties who have requested notice in the Chapter 7 Cases pursuant to Bankruptcy Rule 2002.  The notice shall provide the served parties with a deadline to file any objections with the Court within twenty-one (21) days of service of the notice.

### CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed order granting the approving the Auction Procedures and Sale of the Property, providing for payment of the Auctioneer's fee and commissions, and granting such other and further relief as the Court deems just and proper.

Dated: July 20, 2026
Wilmington, Delaware

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, Delaware 19801
Phone: (302) 803-4600
dklauder@bk-legal.com

*Counsel to Chapter 7 Trustee*

14