**UNITED STATES BANKRUPTCY COURT FOR THE**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SHR CAPITAL PARTNERS, LLC,<br><br>　　　　　　Debtor. | Chapter 7<br>Case No. 24-10716 (JKS) |
| In re:<br><br>GOGO TECH II, LLC,<br><br>　　　　　　Debtor. | Chapter 7<br>Case No. 24-10717 (JKS) |

**DECLARATION OF GEORGE L. MILLER, THE CHAPTER 7 TRUSTEE IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING THE AUCTION PROCEDURES AND APPROVING THE SALE OF CERTAIN PERSONAL PROPERTY OF THE DEBTORS AT PUBLIC AUCTION FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (II) GRANTING RELATED RELIEF**

I, George L. Miller, being duly sworn according to law, hereby declare as follows:

1.     I am the duly-appointed chapter 7 trustee for the bankruptcy estates of SHR Capital Partners, LLC and GoGo Tech II, LLC (collectively, the "Debtors"). Since my appointment on April 5, 2024, I have familiarized myself with the Debtors' assets, liabilities and financial affairs.

2.     I submit this declaration (the "Declaration") in connection with and in support of the *Motion of Geroge L. Miller, the Chapter 7 Trustee, for Entry of an Order: (I) Authorizing the Auction Procedures and Approving the Sale of Property at a Public Auction Free and Clear of all Liens, Claims, Encumbrances and Interests; and (II) Granting Related Relief* (the "Motion").

3.      By this Motion, I am seeking entry of an order substantially in the form attached to the Motion as **Exhibit A** ("Order"): (a) authorizing the auction procedures ("Auction

Procedures") and approving the sale of certain personal property (as "Property") identified on **Exhibit B** to the Motion at public auction(s) (the "Sale") pursuant to 11 U.S.C. § 363(b) and Rule 6004 of the Federal Rules of Bankruptcy Procedure, free and clear of all liens, claims, encumbrances and interests pursuant to Bankruptcy Code section 363(f); and (b) authorizing the Trustee to compensate the Court-appointed auctioneer, Auction Advisors LLC ("Auctioneer") from the proceeds of the Sale according to the terms of their employment agreement.

4.     All facts set forth in this Declaration are based on my personal knowledge, my review of relevant documents and other information prepared or collected by my advisors, representatives, or counsel at my direction, or my opinion based on my experience and through discussions and negotiations with Auctioneer.  If I were called upon to testify, I could and would testify competently to the facts set forth therein, and I am authorized to submit this Declaration on behalf of the Debtors' estates.

5.     The Debtors owned and operated their businesses utilizing certain digital assets. During the course of the bankruptcy certain interested parties showed interest in purchasing the personal property of the Debtors.

6.     I reached an agreement with one interested party for the sale of certain property.

7.     Based on my business judgment and economics of the case, on April 2, 2026, I sought court approval of the of the sale of certain Property to that interested party.

8.     After the sale was approved by the Bankruptcy Court, another party opposed the sale.

9.     On or about June 23, 2026, the Court entered an *Order Vacating* the *Order Authorizing the Sale of the Debtors' Right, Title and Interest in Certain Property to 5X Brand Holdings LLC, Free and Clear of All Liens, Claims, Interests, and Encumbrances Pursuant to 11*

*U.S.C. §§ 105 and 363, and Rule 6004 of the Federal Rules of Bankruptcy Procedure* [DI 66].

10. As a result of the interest in the Debtors' Property, I consulted with Auction Advisors LLC ("**Auctioneer**") to discuss how I could proceed with a sale that would maximize value for the Debtors' estates.

11. I believe that the best way to maximize value of the Debtors' Property is to conduct an auction as described more fully herein. I believe it is essential to consummate a value-maximizing sale of the Property expeditiously. Further delays will increase expenses that will frustrate my attempt to maximize value. Delay may also result in the diminished value of the digital Property and any associated good will of the Debtors.

12. The Property to be sold includes but is not limited to, the following Property that the Debtors' estates have an interest in: (i) trademarks, brand registry, patents, copyrights, and trade secrets (if any), (ii) Property related to domains and websites, (iii) social media access and content, (iv) product, packaging & compliance, and related Property, and (v) legal, financial and business policies, including but not limited to IP complaints, lawsuits and chargebacks.

13. The Property also includes Property associated with the following entities: (i) Refresh Filters LLC (File No. 6312492), (ii) BRI Nutrition LLC (File No. 6146340), (iii) Body Merry LLC (File No. 6045352), (iv) HBSS LLC (File No. 5241125), (v) Refresh Filters IP LLC (DOS ID 51032980; (vi) Body Merry IP LLC (DOS ID 5103289), and (vii) BRI Nutrition IP LLC (DOS ID 5102888).

14. Contemporaneously with the filing of the Motion, I caused the filing of an application to retain Auctioneer.

15. The Auctioneer has agreed to market and advertise the Property for sale through the use of ads, social medial, online marketing, listings, various campaigns, and direct e-

solicitations (collectively, "**Marketing Expenses**"), to be paid for by Auctioneer, and the Estates shall not be required to reimburse the Auctioneer for the Marketing Expenses.

16. The Auctioneer shall, on an exclusive basis, market and sell the estates' interest in the Property. The Property may be sold in their entirety, or in any division of property which Auctioneer shall, in its discretion, deem appropriate for maximizing the overall value of the Property.

17. The sale of the Property is "As Is", "Where Is", "With all Faults" and is without representation or warranties being expressed or implied with respect to the condition or completeness of the Property and any records associated therewith.

18. The Auctioneer shall conduct the auction and sale of the Property through Zoom or other third party software platform (the "**Auction**").

19. The Auctioneer shall schedule the Auction to commence on or about forty-five (45) days from the date the Court enters an order granting the Motion, or with my consent, such later date as determined in the discretion of the Auctioneer.

20. The Auction and bidding shall be subject to the following terms: (a) on-line registration, (b) a deposit of ten thousand ($10,000) dollar ("Deposit"), submitted to the Trustee seventy-two (72) hours prior to the Auction, unless otherwise agreed to by the Auctioneer and the Trustee, (c) the Deposit will be held by the Trustee pending conclusion of the Auction, at which time deposits will be returned to the unsuccessful bidders; (c) on-line bidding, and (c) the Property is being sold "As Is", "Where Is", "With all Faults" and is without representation or warranties being expressed or implied with respect to the condition or completeness of the Property and any records associated therewith.

21. The Auctioneer has agreed to the following compensation:

- a flat minimum fee equal to $25,000 (the "**Minimum Fee**"), plus
- a commission (the "**Commission**") equal to Fifteen Percent (15%) of the bid amount of any sale of the Property, but only to the extent such bid amount is over $75,000.
- The Trustee shall not pay any costs incurred by the Auctioneer in connection with the Auction.

22.    The Auction will be conducted openly, and each bidder will be informed of the terms of the previous bid. Each bidder is expected to confirm at the Auction that it has not engaged in any collusion with respect to the bidding or the sale.

23.    In conjunction with its professional advisors, I will determine in my business judgment at the Auction the highest and best offer for the Property

24.    After each Auction is completed, I will file a Notice of the results of the auction pursuant to Bankruptcy Rule 6004.

25.    For the reasons set forth above, it is my business judgment that the Property should be sold via the Auction by the Auctioneer pursuant to the terms of their employment agreement and I respectfully request that the Court grant the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 17, 2026

/s/ George L. Miller
George L. Miller